UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE SIMS,

    Petitioner,

vs                                                                                                     Case No: 04-73998
                                                                                                 Honorable Victoria A. Roberts

MARY BERGHUIS,

    Respondent,
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR BOND

Petitioner filed a Motion for Bond (Doc. #45). The State asks the Court to deny his Motion. It contends that since the State has not decided whether it will appeal, the presumption in favor of release of Petitioner does not apply, and this Court should delay action on Petitioner's motion until after the State has made a decision. The Court heard oral argument on June 22, 2007.

### I. Legal Framework

Federal Rule of Appellate Procedure 23(c) provides:

**(c) Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

This rule creates a presumption of release from custody when the State appeals the grant of the writ of habeas corpus. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). The presumption "may be overcome in the appellate court for special reasons shown." *Nash v. Eberlin*, 437 F.3d

519, 526 (6th Cir. 2006) (quoting *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992) (quoting *Hilton*, 481 U.S. at 774).

The State has not decided whether to appeal the Court's decision granting Petitioner's writ of habeas corpus. However, "[a] district court may grant bail upon granting the writ [of habeas corpus]." *Sizemore v. District Court*, 735 F.2d 204, 208 (6th Cir. 1984) (emphasis omitted). Alternatively, "federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton*, 481 U.S. at 775. Because habeas corpus proceedings are civil in nature, *id*. at 776, the rules governing stays in civil cases are relevant in determining whether a successful habeas petitioner should be released, at least when the State seeks to stay an order pending an appeal. *Id*. at 776-77. Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id*. at 776. The possibility that a petitioner will flee or pose a danger to the public if released and the State's interest in continuing custody and rehabilitation pending a final determination of the case, are other factors to be considered. *Id*. at 777.

## II. Application

The State implicitly seeks a stay of the status quo. It does not have a strong likelihood of success. The Court granted relief on two issues, and the State is still uncertain nine days after that decision whether to appeal or whether to grant a new trial. It is possible that the State will not contest this Court's decision. If the State does appeal, Petitioner has a strong likelihood of

2

success.  If the State decides to retry Petitioner, he might be convicted a second time because the evidence against him was strong.  However, the Court has no information as to whether the State has located the complaining witness or whether she wants to pursue another trial.

Second, the State will not be irreparably injured absent a stay.  Correctional officials have had 6 ½ years to rehabilitate Mr. Sims, and he was on bond for about four years before his trial.

Third, a stay would substantially injure Mr. Sims; there is no adequate compensation for an unconstitutional loss of liberty.  Mr. Sims served his minimum term of 3 ½ years plus three more years, and his maximum discharge date is June 11, 2013.

Finally, the public interest in safety weighs in favor of release.  Interviews were conducted recently with Mr. Sims and his family members by the Court's Pretrial Services Office.  Mr. Sims has a stable place to live (with his aunt).  He has the possibility of re-employment at General Motors and family financial support until he gets employment.  Mr. Sims' completed a B.A. program in Business before his incarceration. He has been accepted at the University of Michigan/Flint campus to begin a Masters Program if he is released on bond.  Mr. Sims' record in prison has been good.  He  received only two tickets, and both were for minor problems: he was late reporting to a certain area of the prison on one occasion and he swapped headsets worth less than $10.00 with a prisoner who was scheduled to leave the institution.  His last ticket was issued in July, 2003.  Petitioner has already served more than his minimum sentence.  Although his underlying crime was violent, he was under the influence of alcohol at the time.  At the evidentiary hearing, he appeared to have matured (he is 32 years old now) and to be an earnest and intelligent young man with the potential to be a productive member of society.

### III. Recommendation

The Court denies the State's request to postpone the hearing. Further, the Court **GRANTS** Mr. Sims' motion for release on bond, and believes sufficient conditions can be placed on him to reasonably assure his appearance and the safety of the community.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 22, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 22, 2007.

S/Linda Vertriest
Deputy Clerk